UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------
MARIA LOPEZ LANTIGUA,

                                 Plaintiff,

                -against-

THE CITY OF NEW YORK,
POLICE OFFICER LUDIM BENJAMIN (TAX NO. 946446),
and JOHN DOES 1-5,

                             Defendants.
--------------------------------------------------------------------------------

**COMPLAINT**

JURY TRIAL DEMANDED

        Plaintiff, MARIA LOPEZ LANTIGUA, by and through her attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for her Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that a substantial part of the events giving rise to the claim occurred in New York County, in the State of New York.

## NOTICE OF CLAIM

5.   Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

6.   Plaintiff complied with all conditions precedent to commencing an action pursuant to New York State Law.

## JURY DEMAND

7.   Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

8.   Plaintiff, MARIA LOPEZ LANTIGUA, is, and has been, at all relevant times, a resident of Bronx County in the City and State of New York.

9.   At all relevant times hereinafter mentioned, defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

10.  At all relevant times hereinafter mentioned, defendant, POLICE OFFICER LUDIM BENJAMIN (TAX NO. 946446), was an individual employed by the City of New York as a member of the NYPD. At all times hereinafter mentioned POLICE OFFICER LUDIM BENJAMIN was assigned to the 33rd Precinct of the NYPD.  Officer Benjamin is sued herein in his official and individual capacities.

11.  At all relevant times hereinafter mentioned, the Doe defendants, were individuals employed

2

by the City of New York as members of the NYPD assigned to the 33rd Precinct, whose identities are currently unknown to the plaintiff.  The Doe defendants are sued herein in their official and individual capacities.

12. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

14. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## **FACTS**

15. On November 29, 2015, at approximately 4:00 p.m., plaintiff, MARIA LOPEZ LANTIGUA, was lawfully present inside of her apartment located at 558 West 164th Street, New York, NY 10032, in the County of New York, City and State of New York.

16. At this time, the Plaintiff dialed 911 and asked for an ambulance to assist with her son who was in the apartment and needed medical attention.

17. In response to Plaintiff's request for an ambulance, the Defendants arrived to Plaintiff's apartment in uniform and on duty.

18. Neither Plaintiff nor any other individual present in her apartment were involved in any unlawful or suspicious activity.

19. The Defendants entered Plaintiff's apartment and the Plaintiff informed the Defendants that she had requested an ambulance, and Plaintiff repeated to the Defendants that she in fact

needed an ambulance for her son who was present in the apartment and experiencing medical problems.

20. Plaintiff's son also told the Defendants that an ambulance had been called and asked of the Defendants, in sum and substance, "Where is the ambulance?"

21. In response, the Defendants pushed plaintiff's son on to the couch and floor of Plaintiff's apartment.

22. Plaintiff began recording the Defendants' actions with her cell phone.

23. In response to this, without any probable cause or reasonable justification, Plaintiff was placed in handcuffs and was formally arrested.

24. Plaintiff was not engaged in any violent or threatening behavior, and did not resist arrest.

25. Plaintiff was taken outside, was placed in an NYPD vehicle and was transferred from that location to a stationhouse of local area precinct where she was held for several hours.

26. Plaintiff was eventually transferred from the local area precinct to New York County Central Booking where she was held for several additional hours before she was arraigned on a criminal complaint containing false allegations sworn to by Defendant Benjamin

27. Pursuant to these false allegations, Plaintiff was charged with Obstructing Governmental Administration in the Second Degree and Harassment in the Second Degree.

28. These charges were made on the basis of false allegations sworn to by Defendant Benjamin.

29. Defendant Benjamin provided these false statements to the New York County District Attorney's Office knowing that there was no basis to support these allegations.

30. These and other allegations, information, and evidence, were false and the Defendants knew them to be false when he made them.

31. At Plaintiff's arraignment, she acceded to an adjournment in contemplation of dismissal and

4

her charges were eventually dismissed.

32. The decision to arrest Plaintiff was objectively unreasonable under the circumstances.

33. At no time did there exist sufficient cause to seize or arrest Plaintiff, nor could the Defendants have reasonably believed that such cause existed.

34. The factual allegations and testimony sworn to by Defendant Benjamin were materially false and deliberately made to justify the illegal arrest of Plaintiff.

35. At no time did Defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against Plaintiff.

36. The individual Defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the Defendants who engaged in the misconduct described herein as required.

37. That at all times relevant herein, the Defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

38. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

39. At no time did Defendants have any legal basis for arresting or imprisoning Plaintiff, or commencing criminal process, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

40. Defendants willfully and intentionally seized, searched, detained, and arrested Plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

41. Defendants misrepresented and falsified evidence to the New York County District Attorney.

42. Defendants did not make a complete and full statement of facts to the District Attorney.

43. Defendants withheld exculpatory evidence from the District Attorney.

44. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

45. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

46. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

47. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

48. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

49. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings against Plaintiff.

50. Notwithstanding the perjurious and fraudulent conduct of Defendants, the criminal proceedings were terminated in Plaintiff's favor when she acceded to an adjournment in contemplation of dismissal.

51. By so doing, the individual Defendants, individually and collectively, subjected Plaintiff to false arrest and imprisonment, unlawful searches of person and property, fabrication of evidence, denial of fair trial, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

52. By reason thereof, the individual Defendants have violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of her constitutional rights.

**SECOND CAUSE OF ACTION**

53. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

54. The NYPD Defendants assaulted, arrested, searched, and incarcerated Plaintiff, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety, and violate her constitutional rights.

55. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all of the actual and/or apparent authority attendant thereto.

56. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

57. Those customs, policies, patterns, and practices include, but are not limited to:

    i.  requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    ii.  requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    iii.  failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

    iv.  failing to properly train police officers in the requirements of the United States Constitution.

58. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the

7

following unconstitutional practices:

      i.     arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

     ii.     arresting individuals regardless of probable cause in order to inflate precinct-wide statistics;

    iii.     falsifying evidence and testimony to support those arrests;

    iv.     falsifying evidence and testimony to cover up police misconduct.

59. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

60. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

61. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

62. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, Plaintiff was searched and placed under arrest unlawfully.

63. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

64. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

65. All of the foregoing acts by Defendants deprived Plaintiff of federally protected constitutional rights, particularly her Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**THIRD CAUSE OF ACTION FOR**
**FALSE ARREST AND EXCESSIVE FORCE**
**PURSUANT TO NEW YORK STATE LAW**

66. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

67. At all times hereinafter mentioned, Defendant THE CITY OF NEW YORK assumed responsibility supervision, and authority over THE NEW YORK CITY POLICE DEPARTMENT and, its agents, servants and employees, and is liable to Plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior*.

68. Plaintiff was detained and held under the imprisonment and control of the Defendants under false pretenses.

69. Due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARTMENT, falsely arrested and imprisoned the Plaintiff, without warrant, authority of law or probable cause therefore.

70. The acts and conduct on the part of the individual Defendants constituting the false arrest and false imprisonment consisted in part of the following; unlawfully and intentionally detaining and confining Plaintiff against her will and without her consent; unlawfully and intentionally detaining and confining Plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining Plaintiff through the unlawful arrest of Plaintiff;

unlawfully detaining and confining Plaintiff through the use of force; unlawfully arresting Plaintiff and placing Plaintiff in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of Plaintiff.

71. At all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

72. Plaintiff was conscious of the confinement.

73. That as a direct, sole and proximate result of the false arrest, imprisonment, and excessive force, Plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, physical injury, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

74. By the actions described above, the individual Defendants and THE CITY OF NEW YORK caused Plaintiff to be subjected to excessive force, false arrest and/or false imprisonment without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so.  The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated her statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

75. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, the Plaintiff respectfully requests judgment against Defendants as follows:

i.      an order awarding compensatory damages in an amount to be determined at trial on each of the foregoing causes of action;

ii.     an order awarding punitive damages in an amount to be determined at trial on each of the foregoing causes of action;

iii.    reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv.     directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       June 14, 2016

                                Respectfully submitted,

                                **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
                                *Counsel for the Plaintiff*

                                    /S/
                By:    JESSICA MASSIMI (JM-2920)
                      32 Old Slip, 8th Floor
                      New York, New York 10005
                      (212) 962-1020