UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
MARIA LOPEZ LANTIGUA,

                              Plaintiff,                    **FIRST AMENDED COMPLAINT**

        -against-                                       JURY TRIAL DEMANDED

THE CITY OF NEW YORK, AND
POLICE OFFICER LUDIM BENJAMIN (TAX NO. 946446),    16 CV 4460 (PAE)

                              Defendants.
--------------------------------------------------------------------------------X

       Plaintiff, MARIA LOPEZ LANTIGUA, by and through her attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for her Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that a substantial part of the events giving rise to the claim occurred in New York County, in the State of New York.

## NOTICE OF CLAIM

5. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

6. Plaintiff complied with all conditions precedent to commencing an action pursuant to New York State Law.

## JURY DEMAND

7. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

8. Plaintiff, MARIA LOPEZ LANTIGUA, is, and has been, at all relevant times, a resident of Bronx County in the City and State of New York.

9. At all relevant times hereinafter mentioned, defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

10. At all relevant times hereinafter mentioned, defendant, POLICE OFFICER LUDIM BENJAMIN (TAX NO. 946446), was an individual employed by the City of New York as a member of the NYPD. At all times hereinafter mentioned POLICE OFFICER LUDIM BENJAMIN was assigned to the 33rd Precinct of the NYPD. Officer Benjamin is sued herein in his official and individual capacities.

11. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

14. On November 29, 2015, at approximately 4:00 p.m., plaintiff, MARIA LOPEZ LANTIGUA, was lawfully present inside of her apartment located at 558 West 164th Street, New York, NY 10032, in the County of New York, City and State of New York.

15. At this time, the Plaintiff dialed 911 and asked for an ambulance to assist with her son who was in the apartment and needed medical attention.

16. In response to Plaintiff's request for an ambulance, the Defendant Benjamin and several additional police officers arrived to Plaintiff's apartment in uniform and on duty.

17. Neither Plaintiff nor any other individual present in her apartment were involved in any unlawful or suspicious activity.

18. The Defendant Benjamin and the other police officers entered Plaintiff's apartment and the Plaintiff informed them that she had requested an ambulance, and Plaintiff repeated that she in fact needed an ambulance for her son who was present in the apartment and experiencing medical problems.

19. Plaintiff's son also told the Defendant Benjamin and the other police officers that an ambulance had been called and asked, in sum and substance, "Where is the ambulance?"

20. In response, Defendant Benjamin and the other police officers pushed plaintiff's son on to the couch and floor of Plaintiff's apartment.

21. Plaintiff began recording the Defendant's and police officers' actions with her cell phone.

22. In response to this, without any probable cause or reasonable justification, Defendant Benjamin twisted Plaintiff's arms behind her back, placed Plaintiff in handcuffs, and formally arrested Plaintiff.

23. Plaintiff was not engaged in any violent or threatening behavior, and did not resist arrest.

24. Plaintiff was taken outside, was placed in an NYPD vehicle and was transferred from that location to a stationhouse of local area precinct where she was held for several hours.

25. Plaintiff was eventually transferred from the local area precinct to New York County Central Booking where she was held for several additional hours before she was arraigned on a criminal complaint containing false allegations sworn to by Defendant Benjamin

26. Pursuant to these false allegations, Plaintiff was charged with Obstructing Governmental Administration in the Second Degree and Harassment in the Second Degree.

27. These charges were made on the basis of false allegations sworn to by Defendant Benjamin.

28. Defendant Benjamin provided these false statements to the New York County District Attorney's Office knowing that there was no basis to support these allegations.

29. These and other allegations, information, and evidence, were false and the Defendant Benjamin knew them to be false when he made them.

30. At Plaintiff's arraignment, she acceded to an adjournment in contemplation of dismissal and her charges were eventually dismissed.

31. The decision to arrest Plaintiff was objectively unreasonable under the circumstances.

32. At no time did there exist sufficient cause to seize or arrest Plaintiff, nor could Defendant Benjamin have reasonably believed that such cause existed.

33. The factual allegations and testimony sworn to by Defendant Benjamin were materially false and deliberately made to justify the illegal arrest of Plaintiff.

34. Defendant Benjamin intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements.

35. That at all times relevant herein, Defendant Benjamin was on duty and acting within the scope of his employment, and his acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION
## FALSE ARREST AND EXCESSIVE FORCE
## PURSUANT TO 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

37. At no time did Defendant Benjamin have any legal basis for arresting or imprisoning Plaintiff, or commencing criminal process, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

38. Defendant Benjamin willfully and intentionally seized, searched, detained, and arrested Plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

39. Defendant Benjamin misrepresented and falsified evidence to the New York County District Attorney.

40. Defendant Benjamin did not make a complete and full statement of facts to the District Attorney.

41. Defendant Benjamin withheld exculpatory evidence from the District Attorney.

42. Defendant Benjamin was directly and actively involved in the initiation of criminal proceedings against Plaintiff.

43. Defendant Benjamin lacked probable cause to initiate criminal proceedings against Plaintiff.

44. Defendant Benjamin acted with malice in initiating criminal proceedings against Plaintiff.

45. Defendant Benjamin was directly and actively involved in the continuation of criminal proceedings against Plaintiff.

46. Defendant Benjamin lacked probable cause to continue criminal proceedings against Plaintiff.

47. Defendant Benjamin misrepresented and falsified evidence throughout all phases of the criminal proceedings against Plaintiff.

48. Notwithstanding the perjurious and fraudulent conduct of Defendant Benjamin, the criminal proceedings were terminated in Plaintiff's favor when she acceded to an adjournment in contemplation of dismissal.

49. By so doing, Defendant Benjamin subjected Plaintiff to false arrest and imprisonment, unlawful searches of person and property, fabrication of evidence, denial of fair trial, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

50. By reason thereof, Defendant Benjamin has violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the

deprivation of liberty, and the loss of her constitutional rights.

## SECOND CAUSE OF ACTION FOR
## FALSE ARREST AND EXCESSIVE FORCE
## PURSUANT TO NEW YORK STATE LAW

51. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

52. At all times hereinafter mentioned, Defendant THE CITY OF NEW YORK assumed responsibility supervision, and authority over THE NEW YORK CITY POLICE DEPARTMENT and, its agents, servants and employees, and is liable to Plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior*.

53. Plaintiff was detained and held under the imprisonment and control of Defendant Benjamin under false pretenses.

54. Due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARTMENT, falsely arrested and imprisoned the Plaintiff, without warrant, authority of law or probable cause therefore.

55. The acts and conduct on the part of Defendant Benjamin constituting the false arrest and false imprisonment consisted in part of the following; unlawfully and intentionally detaining and confining Plaintiff against her will and without her consent; unlawfully and intentionally detaining and confining Plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining Plaintiff through the unlawful arrest of Plaintiff; unlawfully detaining and confining Plaintiff through the use of force; unlawfully arresting Plaintiff and placing Plaintiff in handcuffs without reasonable cause therefore, and

committing such other acts resulting in the unlawful arrest and imprisonment of Plaintiff.

56. At all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

57. Plaintiff was conscious of the confinement.

58. That as a direct, sole and proximate result of the false arrest, imprisonment, and excessive force, Plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, physical injury, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

59. By the actions described above, Defendant Benjamin and THE CITY OF NEW YORK caused Plaintiff to be subjected to excessive force, false arrest and/or false imprisonment without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so.  The acts and conduct of Defendant Benjamin were the direct and proximate cause of injury and damage to the Plaintiff and violated her statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

60. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, the Plaintiff respectfully requests judgment against Defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial on each of the foregoing causes of action;

ii. an order awarding punitive damages in an amount to be determined at trial on each of the foregoing causes of action;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
March 31, 2017

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

/S/
By: JESSICA MASSIMI (JM-2920)
32 Old Slip, 8th Floor
New York, New York 10005
(212) 962-1020